**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSEPH K.

                Plaintiff,

      - v -                                         Civ. No. 5:17-CV-748
                                                                    (DJS)

COMM'R OF SOC. SEC.,

                Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF STEVEN R. DOLSON<br>Counsel for Plaintiff<br>126 North Salina Street<br>Suite 3B<br>Syracuse, NY 13202 | STEVEN R. DOLSON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>Counsel for Defendant<br>26 Federal Plaza<br>New York, NY 10019 | BENIL ABRAHAM, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER[1]

In this action, Plaintiff moves, pursuant to 42 U.S.C. § 405(g), for review of a decision by the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). Presently pending are Plaintiff's and Defendant's Motions for Judgment on the Pleadings pursuant to this Court's General Order 18. Dkt. Nos. 9 & 10. For the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **denied** and Defendant's Motion for Judgment on the Pleadings is **granted**. The Commissioner's decision denying Plaintiff disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff, born on October 10, 1966, filed an application for SSI on January 23, 2014, claiming an inability to work as of that date, due to Bipolar Disorder, a right knee replacement, degenerative bone disease, four herniated discs in his back, back injury, right knee injury, and chronic obstructive pulmonary disease. Dkt. No. 8, Administrative Transcript ("Tr.") at pp. 34 & 56. Plaintiff has obtained a GED, and has past work as a laborer, driver, lead mechanic, and roofing mechanic. Tr. at pp. 37 & 169. On October 19, 2015, a hearing was held before Administrative Law Judge ("ALJ") Marie Greener. Tr. at pp. 32-54. Plaintiff was represented by counsel and testified at the hearing. *Id.* On December 18, 2015, ALJ Greener issued an unfavorable decision finding Plaintiff not disabled. Tr. at pp. 14-31. On May 12, 2017, the Appeals Council concluded there was no basis to review the ALJ's decision, thus rendering the ALJ's decision the final determination of the Commissioner. Tr. at pp. 1-6. This action followed.

### B. The ALJ's Decision

ALJ Greener first found that Plaintiff had not engaged in substantial gainful activity since January 23, 2014, the application date and alleged onset date. Tr. at pp. 19 & 34. The

ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and herniated nucleus pulposus of the cervical and thoracic spine without compression, status post total knee replacement, affective disorder, and attention deficit disorder. Tr. at p. 19. The ALJ found that Plaintiff's chronic obstructive pulmonary disease, status post rib and right great toe fractures, irritable bowel syndrome, mild degenerative changes to his left knee and lumbar spine, right elbow contusion, high cholesterol and obesity were non-severe, and found that no records or exams indicated that Plaintiff had a medically determinable learning disorder. Tr. at p. 20. The ALJ next found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments, specifically considering Listings 1.02A, 1.04, and 12.04. Tr. at pp. 20-22. The ALJ determined that Plaintiff has a residual functional capacity ("RFC") to

> perform unskilled sedentary work as defined in 20 CFR 416.967(a). The claimant specifically retains the ability to lift/carry up to 10 pounds; stand for 2 hours out of an 8 hour workday; walk for 2 hours out of an 8 hour workday; sit for 6 hours out of an 8 hour workday; understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain his attention and concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact appropriately with others to the extent necessary to carry out simple tasks; and handle reasonable levels of simple, repetitive work-related stress in that he can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require the claimant to supervise or manage the work of others. The claimant has no other exertional or non-exertional limitations.

Tr. at p. 22. The ALJ next found that Plaintiff has no past relevant work; was 47 years old, which is defined as a younger individual age 45-49, on the date the application was filed; and that he has a high school education and is able to communicate in English. Tr. at p. 26. The

ALJ found that transferability of job skills was not an issue because Plaintiff did not have past relevant work. *Id.* The ALJ found that, considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ utilized the Medical-Vocational Guidelines ("the Grids") in order to make this determination, reasoning that Plaintiff's limitations that go beyond limiting him to unskilled sedentary work have little or no effect on the occupational base of unskilled sedentary work as he retained the RFC to perform the basic mental demands of competitive, remunerative, unskilled work as outlined in SSR 85-15. *Id.* As such, the ALJ concluded that Plaintiff was not disabled during the period at issue. Tr. at p. 27.

## C. The Parties' Briefings on Their Cross-Motions

In his Motion, Plaintiff first contends that he has a limitation in the ability to reach that is not included in the ALJ's RFC. Dkt. No. 9, Pl.'s Mem. of Law, pp. 5-6. Plaintiff contends that the ALJ did not provide sufficient explanation for not adopting the consultative examiner's opinion regarding Plaintiff's reaching limitations, and that a significant limitation in reaching could have a significant impact on the occupational base, requiring the use of a vocational expert ("VE"), and thus making reliance on the Grids improper. *Id.* Plaintiff next contends that he has a limitation on the ability to bend at the waist that is not included in the ALJ's RFC, contending that such a limitation is supported by the medical records and multiple medical source opinions. *Id.* Plaintiff contends that limitations in bending at the waist could have a significant impact on the occupational base, requiring the opinion of a VE

to determine if jobs exist in significant numbers in the economy that Plaintiff can perform. *Id.* at pp. 6-8. Finally, Plaintiff contends that the ALJ did not apply the treating physician rule, by giving little weight to Plaintiff's treating physician's opinion, noting that although portions of the opinion are inconsistent with the other evidence of record, other portions of the opinion are not, and should have been given great weight. *Id.* at pp. 8-12. Plaintiff contends that the ALJ did not provide good reasons for giving little weight to the opinion. *Id.* at pp. 11-12.

In response, Defendant contends that the RFC was supported by substantial evidence. In particular, Defendant contends that the ALJ's RFC accounted for all of Plaintiff's impairments, and provided sufficient explanation for the findings she did not adopt, and contends that the record does not support further limitations in reaching or bending. Dkt. No. 10, Def.'s Mem. of Law at pp. 6-7. Next, Defendant contends that the ALJ properly weighed the opinion of Plaintiff's treating physician, providing sufficient explanation for the weight accorded to it. *Id.* at pp. 9-12.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

Under 42 U.S.C. § 405(g), the proper standard of review for this Court is not to employ a *de novo* review, but rather to discern whether substantial evidence supports the Commissioner's findings and that the correct legal standards have been applied. *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *Urtz v. Callahan*, 965 F. Supp. 324, 325-26 (N.D.N.Y. 1997) (citing, *inter alia*, *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).

Succinctly defined, substantial evidence is "more than a mere scintilla" of evidence scattered throughout the administrative record; rather, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938); *see also Williams ex. rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex. rel. Williams v. Bowen*, 859 F.2d at 258. "If supported by substantial evidence, the Commissioner's finding must be sustained, even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 200 (N.D.N.Y. 2012) (citation omitted) (internal quotation marks omitted).

The ALJ must set forth the crucial factors supporting the decision with sufficient specificity. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Where the ALJ's findings are supported by substantial evidence, the court may not interject its interpretation of the administrative record. *Williams ex rel. Williams v. Bowen*, 859 F.2d at 258; 42 U.S.C. § 405(g). However, where the weight of the evidence does not meet the requirement for substantial evidence, or a reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed. *Johnson v. Bowen*, 817 F.2d at 986.

## B. Standard to Determine Disability

To be considered disabled within the meaning of the Social Security Act, a plaintiff must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, the claimant's physical or mental impairments must be of such severity as to prevent engagement in any kind of substantial gainful work which exists in the national economy. *Id*. at § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner follows a five-step analysis set forth in the Social Security Administration Regulations. 20 C.F.R. § 404.920. At Step One, the Commissioner "considers whether the claimant is currently engaged in substantial gainful activity." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the inquiry ends. 20 C.F.R. § 416.920(b). If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to Step Two and assesses whether the claimant suffers from a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* at § 404.920(c). If the claimant suffers from a severe impairment, the Commissioner considers at Step Three whether such impairment(s) meets or equals an impairment listed in Appendix 1, Part 404, Subpart P of the Regulations. *Id*. at § 404.920(d). The Commissioner makes this assessment without considering vocational factors such as age, education, and work experience. *Berry v. Schweiker*, 675 F.2d at 467. Where the claimant

has such an impairment, the inquiry ceases as he or she is presumed to be disabled and unable to perform substantial gainful activity. *Id.* If the claimant's impairment(s) does not meet or equal the listed impairments, the Commissioner proceeds to Step Four and considers whether the claimant has the RFC[2] to perform his or her past relevant work despite the existence of severe impairments. 20 C.F.R. § 416.920(e). If the claimant cannot perform his or her past work, then at Step Five, the Commissioner considers whether the claimant can perform any other work available in the national economy. *Berry v. Schweiker*, 675 F.2d at 467; 20 C.F.R. § 416.920(f).

Initially, the burden of proof lies with the claimant to show that his or her impairment(s) prevents a return to previous employment (Steps One through Four). *Berry v. Schweiker*, 675 F.2d at 467. If the claimant meets that burden, the burden then shifts to the Commissioner at Step Five to establish, with specific reference to medical evidence, that the claimant's physical and/or mental impairment(s) are not of such severity as to prevent him or her from performing work that is available within the national economy. *Id.*; 42 U.S.C. § 423(d)(2)(A); *see also White v. Sec'y of Health and Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). In making this showing at Step Five, the claimant's RFC must be considered along with other vocational factors such as age, education, past work experience, and transferability of skills. 20 C.F.R. § 416.920(f); *see also New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

---

[2] "Residual functional capacity" is defined by the Regulations as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. § 416.945(a).

# III. ANALYSIS

## A. The ALJ's Analysis of Plaintiff's Non-Exertional Limitations

### *1. Reaching*

Plaintiff contends that it was error for the ALJ not to include a limitation for reaching in Plaintiff's RFC. The sole medical source statement regarding the ability to reach in the record is from the consultative examiner, Elke Loresen, who opined that Plaintiff has a moderate restriction for reaching. Tr. at p. 428. Plaintiff contends that because the ALJ assigned great weight to Dr. Loresen's opinion, but does not include specific limitations for reaching, the ALJ's opinion is internally inconsistent. *Id.* Plaintiff also asserts that Dr. Loresen's opinion regarding reaching is supported by Plaintiff's limited lumbar range of motion. *Id.* Plaintiff contends that limitations in reaching might eliminate large numbers of jobs that an individual could perform, and thus a VE would be required to testify in determining whether jobs are available that Plaintiff could perform. *Id.* at pp. 5-6.

The ALJ assigned Dr. Loresen's opinion great weight, finding that Dr. Loresen was an acceptable medical source who examined Plaintiff. Tr. at p. 24. The ALJ found that a number of Dr. Loresen's findings were consistent with the medical records, but the ALJ specifically found that Dr. Loresen's finding of a reaching limitation was less consistent with Plaintiff's presentation during examinations and his ability to live independently. *Id.*

The ALJ's adoption of only a portion of an opinion was not inherently improper; indeed, "[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [her] decision, [s]he was entitled to weigh all of the

evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013); *see also Tennant v. Comm'r of Soc. Sec.*, 2017 WL 1968674, *8 (N.D.N.Y. May 10, 2017); *Allen o/b/o Allen v. Comm'r of Soc. Sec.*, 2017 WL 6001830, *6 (N.D.N.Y. Dec. 4, 2017). An ALJ may therefore accept portions of a medical opinion that are consistent with the record, and choose not to accept portions that are inconsistent with the record. The ALJ properly did so here regarding Plaintiff's reaching limitation, just as she did in giving less weight to Dr. Loresen's conclusions regarding Plaintiff's ability to stand and walk, and finding he had *greater* limitations in those areas than opined by Dr. Loresen. Tr. at p. 24.

As Defendant outlines, there is evidence in the medical records that supports a finding of full reaching capabilities. *See*, *e.g.*, Tr. at p. 60 (finding full range of motion in shoulders and elbows); Tr. at pp. 404 & 409 (finding range of motion in upper extremities within normal limits); Tr. at p. 427 (finding by Dr. Loresen of full range of motion in shoulders, elbows, forearms, and wrists). Plaintiff does not cite any medical evidence that supports a finding of a reaching limitation. *See* Def.'s Mem. of Law at p. 7; Pl.'s Mem. of Law at pp. 5-6.

Plaintiff cites to *Gavazzi v. Berryhill* for the proposition that it is error for the ALJ to summarily assign little weight to an opinion, when there are no other medical opinions that support the ALJ's conclusion. Pl.'s Mem. of Law at p. 12 (citing *Gavazzi v. Berryhill*, 687 Fed. Appx. 98 (2d Cir. 2017)). However, here, the ALJ gave good reasons for not adopting Dr. Loresen's opinion. Specifically, the ALJ noted inconsistencies between Dr. Loresen's

opinions and Plaintiff's treatment history, as well as his presentation to providers and his functioning in the community. These findings, clearly supported by the record, justify the ALJ's evaluation of Dr. Loresen's opinion. *See Morais v. Comm'r of Soc. Sec.*, 2018 WL 1441310, *6-7 (N.D.N.Y. Mar. 22, 2018) ("[T]he Second Circuit [h]as held that substantial evidence may [ ] be found in internal inconsistencies, contrary treatment notes, and other evidence in the record such as plaintiff's activities"); *see also Cohen v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 51, 53 (2d Cir. 2016); *Bliss v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 541, 541-42 (2d Cir. 2011).

In addition, Dr. Loresen only opined that Plaintiff had moderate limitations in reaching. Tr. at p. 24. As Plaintiff notes in his brief, SSR 85-15 provides that "[s]ignificant limitations of reaching . . . may eliminate a large number of occupations a person could otherwise do." 1985 WL 56857, *7. However,

> the Commissioner does not define 'significant' in SSR 85-15 or elsewhere in the Regulations. Plaintiff has not come forward with any support for the proposition that 'significant' as used by the Commissioner in SSR 85-15 is somehow equivalent to 'moderate.' Indeed, in common English usage, 'significant' and 'moderate' may be considered antonyms. At the very least, their ordinary dictionary definitions make it clear that they are not used interchangeably.

*Ball v. Berryhill*, 2018 WL 2041596, at *3 (W.D.N.Y. May 2, 2018) (citing http://www.thesaurus.com/browse/moderate)). Thus, Plaintiff has not demonstrated that it was error for the ALJ to rely on the Grids. Substantial evidence supports the ALJ's determination. *Schlichting v. Astrue*, 11 F. Supp. 3d at 200.

## 2. *Bending*

Plaintiff makes the same arguments regarding Dr. Loresen's analysis of his bending limitations. Like with reaching, the ALJ found that Dr. Loresen's finding that Plaintiff had limitations in bending was "less consistent with the claimant's presentation during exams [and] ability to live independently." Tr. at p. 24. Again, it is the ALJ's responsibility "to weigh the evidence before him and determine and accept findings that are consistent with the evidence in the record." *Tennant v. Comm'r of Soc. Sec.*, 2017 WL 1968674, at *8.

As with reaching, Dr. Loresen only assigned a moderate limitation in bending, which does not necessarily erode the occupational base. *See* SSR 85-15; *Ball v. Berryhill*, 2018 WL 2041596, at *3. Indeed, Dr. Hoffman opined that Plaintiff could occasionally stoop, kneel, crouch, and crawl; the ALJ gave this opinion great weight. Tr. at pp. 25 & 63. While Plaintiff relies on Dr. Paarlberg's assessment of bending limitations, the ALJ found that the limitations identified were not consistent with Plaintiff's overall treatment history and his daily activities. Tr. at p. 25. That conclusion was an appropriate one for the ALJ to reach on this record. "If a person can stoop occasionally . . . the sedentary and light occupational base is virtually intact." SSR 85-15. As such, Plaintiff's contentions that the ALJ improperly failed to account for additional bending limitations, and that the limitations would erode the occupational base, fail.

### B. The ALJ's Analysis of the Treating Physician's Opinion

Under the Regulations, a treating physician's opinion as to the nature and severity of a claimant's impairment is entitled to "controlling weight" when it "is well-supported by

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2); *see also Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999).

Here, Plaintiff contends that Dr. Camillo's opinion should not have been given controlling weight due to inconsistencies between the opinion and the other evidence of record, but that the ALJ did not provide sufficient discussion setting forth her reasons for disregarding Dr. Camillo's opinion. Pl.'s Mem. of Law at pp. 8-12. The ALJ's findings regarding Dr. Camillo's opinion are as follow:

> Dr. Camillo is an acceptable medical source with specialized experience in psychiatry. He has also treated the claimant. However, his finding that the claimant has serious mental limitations is inconsistent with his own mental status exams of the claimant which demonstrate that the claimant exhibits minimal mental abnormalities. In addition, Dr. Camillo indicates that he has relied heavily on the claimant's subjective complaints in coming to his conclusion. He specifically stated that he relied on the "self-report form [from] Joe" in coming to his opinion.

Tr. at p. 26.

While the ALJ did not explicitly review each factor in 20 C.F.R. § 416.927(c), the ALJ properly assessed the regulatory factors. In particular, the ALJ noted that Dr. Camillo is a specialist (20 C.F.R. § 404.927(c)(5)), that he was a treating physician of Plaintiff (20 C.F.R. § 404.927(c)(2)), and the supportability of the opinion, specifically that the conclusions were based solely on Plaintiff's subjective complaints (20 C.F.R. § 404.927(c)(3)). "Where, as here, an ALJ's reasoning and adherence to the regulations are clear, the ALJ is not required to review each and every factor of the regulation." *Perry v.*

*Comm'r of Soc. Sec.*, 2017 WL 5508775, *4-5 (N.D.N.Y. Jan. 23, 2017), *aff'd sub nom. Perry v. Berryhill*, 711 Fed. Appx. 9 (2d Cir. 2017) (citing *Atwater v. Astrue*, 512 Fed. Appx. 67, 70 (2d Cir. 2013)). By explaining why she discounted Plaintiff's treating provider's opinion, including due to inconsistency with Dr. Camillo's treatment records, "the ALJ applied the substance of the treating physician rule," and provided "'good reasons' for the weight [she] g[ave] to the treating source's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004). The ALJ therefore properly explained why she gave the opinion of Plaintiff's treating provider little weight. *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx. 5, 8 (2d Cir. 2017) ("The ALJ comprehensively explained her reasons for discounting [the treating physician]'s medical source statement; in so doing, she complied with the dictates of the treating source rule.").

In addition, Dr. Camillo's report was in the form of a standardized checkbox form, which does not contain any explanation for the bases of Dr. Camillo's determinations. Tr. at pp. 703-05. It is therefore "only marginally useful for purposes of creating a meaningful and reviewable factual record." *Halloran v. Barnhart*, 362 F.3d at 31 n.2; *see also Emery v. Astrue*, 2012 WL 4892635, *10 (D. Vt. Oct. 15, 2012).

As such, the ALJ sufficiently explained her basis for affording Plaintiff's treating psychiatrist's opinion little weight. In addition, she explained why she gave greater weight to other opinions regarding Plaintiff's mental functioning; in particular, the ALJ assigned great weight to the medical consultant's opinion and some weight to the consultative examiner's opinion, finding these opinions to be more consistent with the record. Tr. at p.

25. *See Bliss v. Comm'r of Soc. Sec.*, 406 Fed. Appx. at 541-42 ("While the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record."); *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx. at 8.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date: August 2, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge